1   TERRENCE P. MCMAHON (SBN 71910)
    tmcmahon@mwe.com
2   FABIO E. MARINO (SBN 183825)
    fmarino@mwe.com
3   JUDITH S.H. HOM (SBN 203482)
    jhom@mwe.com
4   NITIN GAMBHIR (SBN 259906)
    ngambhir@mwe.com
5   BARRINGTON DYER (SBN 264762)
    bdyer@mwe.com
6   TERI H.P. NGUYEN (SBN 267498)
    thpnguyen@mwe.com
7   McDERMOTT WILL & EMERY LLP
    275 Middlefield Road, Suite 100
8   Menlo Park, CA  94025-4004
    Telephone:     650 815 7400
9   Facsimile:     650 815 7401

10  Attorneys for Plaintiffs and Counterclaim-Defendants
    RADWARE, LTD. AND RADWARE, INC.
11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                    SAN JOSE DIVISION

15

16  RADWARE, LTD., an Israeli company;       CASE NO.  5:13-cv-02021 RMW
    RADWARE, INC., a New Jersey
17  corporation,                             **PLAINTIFFS RADWARE, LTD.'S AND
                                             RADWARE, INC.'S ANSWER TO
18          Plaintiffs, Counterclaim-Defendants,   DEFENDANT A10 NETWORKS, INC.'S
                                             COUNTERCLAIMS FOR
19          v.                               DECLARATORY RELIEF**

20  A10 NETWORKS, INC., a California         **DEMAND FOR JURY TRIAL**
    corporation,
21          Defendant, Counterclaim-Plaintiff,

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1    Radware, Ltd. and Radware, Inc. (collectively, "Radware") responds to Defendant A10

2    Networks, Inc.'s ("A10 Networks") Answer and Counterclaims to Plaintiffs' Second Amended

3    Complaint for Patent Infringement ("Amended Counterclaims") filed in this action (Dkt. 56) as

4    follows:

5                                    **GENERAL DENIAL**

6         Except as expressly admitted herein, Radware denies each and every allegation in the

7    Counterclaims.

8                                          **PARTIES**

9         1.    On information and belief, Radware admits that Defendant A10 Networks is a

10   California corporation with its principal place of business in San Jose, California.

11        2.    Radware admits that Radware, Ltd. is an Israeli company with its principal place

12   of business in Tel Aviv, Israel, and Radware, Inc. is a New Jersey corporation with its principal

13   place of business in Mahwah, New Jersey and offices in San Mateo, California.

14                             **JURISDICTION AND VENUE**

15        3.    Radware admits that the Counterclaims purport to state claims over which this

16   Court has jurisdiction, at least pursuant to 35 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

17        4.    Admitted.

18        5.    Admitted.

19                           **COUNTERCLAIM AND COUNT ONE**

20              **(Declaratory Judgment of Non-Infringement of the Patents-in-Suit)**

21        6.    Radware incorporates paragraphs 1-5 above as if fully set forth herein.

22        7.    Admitted.

23        8.    Radware denies the allegations set forth in paragraph 8 of the Counterclaims.

24        9.    Radware denies the allegations set forth in paragraph 9 of the Counterclaims.

25        10.   Radware denies the allegations set forth in paragraph 10 of the Counterclaims.

26        11.   Radware denies the allegations set forth in paragraph 11 of the Counterclaims.

27        12.   Answering paragraph 12, Radware is without knowledge or information sufficient

28   to form a belief as to the truth of the allegations regarding Radware contacting A10 Networks and

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

informing A10 Networks of the existence of any of the patents-in-suit prior to filing its initial complaint.

13.     Answering paragraph 13, Radware is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Radware contacting A10 Networks and accusing A10 Networks of patent infringement prior to filing its initial complaint.

14.     Radware admits that the '374 Patent issued on July 9, 2013, after the May 1, 2013 filing of the initial complaint in this action.

15.     Radware denies the allegations set forth in paragraph 15 of the Counterclaims.

16.     Radware denies the allegations set forth in paragraph 16 of the Counterclaims.

17.     Radware denies the allegations set forth in paragraph 17 of the Counterclaims.

18.     Radware denies the allegations set forth in paragraph 18 of the Counterclaims.

19.     Radware denies the allegations set forth in paragraph 19 of the Counterclaims.

20.     Radware denies the allegations set forth in paragraph 20 of the Counterclaims.

## COUNTERCLAIM AND COUNT TWO
### (Declaratory Judgment of Invalidity of the Patents-in-Suit)

21.     Radware incorporates paragraphs 1-20 above as if fully set forth herein.

22.     Admitted.

23.     Radware denies the allegations set forth in paragraph 13 of the Counterclaims.

24.     Radware denies the allegations set forth in paragraph 14 of the Counterclaims.

25.     Radware denies the allegations set forth in paragraph 15 of the Counterclaims.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### AFFIRMATIVE DEFENSE TO COUNTERCLAIM COUNT ONE

26.     A10 Networks has failed to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE TO COUNTERCLAIM COUNT TWO

27.     A10 Networks has failed to state a claim upon which relief can be granted.

### RESERVATION OF DEFENSES

Radware hereby reserves any and all defenses available under the Federal Rules of Civil Procedure and the U.S. Patent Laws, and any other defenses, at law or in equity, that may now

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1   exist or become available later as a result of discovery and/or further factual investigation during
2   this litigation.

3                          **RESPONSE TO PRAYER FOR RELIEF**

4          Radware denies that A10 Networks is entitled to any relief whatsoever.

5          A.     Radware denies that A10 Networks is entitled to the relief requested in paragraph
6                 A.

7          B.     Radware denies that A10 Networks is entitled to the relief requested in paragraph
8                 B.

9          C.     Radware denies that A10 Networks is entitled to the relief requested in paragraph
10                C.

11         D.     Radware denies that A10 Networks is entitled to the relief requested in paragraph
12                D.

13         E.     Radware denies that A10 Networks is entitled to the relief requested in paragraph
14                E.

15         F.     Radware denies that A10 Networks is entitled to the relief requested in paragraph
16                F.

17         G.     Radware denies that A10 Networks is entitled to the relief requested in paragraph
18                G.

19         WHEREFORE, Radware respectfully requests that the Court deny the relief requested in
20   A10 Network's Counterclaims, award Radware its attorneys' fees and costs, and grant such other
21   and further relief as the Court may deem just and proper.

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

RADWARE'S ANSWER TO A10'S
COUNTERCLAIMS FOR DECL. RELIEF
CASE NO. 5:13-CV-02021 RMW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  November 11, 2013

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By:/s/ Fabio E. Marino

Fabio E. Marino

Attorneys for Plaintiffs and Counterclaim-Defendants RADWARE, LTD. AND RADWARE, INC.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

- 4 -

RADWARE'S ANSWER TO A10'S
COUNTERCLAIMS FOR DECL. RELIEF
CASE NO. 5:13-CV-02021 RMW