UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RADWARE, LTD., and RADWARE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>A10 NETWORKS, INC.,<br><br>Defendant. | Case Nos. C-13-02021-RMW, C-13-02024-RMW<br><br>**ORDER GRANTING WITH MODIFICATIONS A10 NETWORKS, INC.'S MOTION TO CHANGE TIME TO CONTINUE CLAIM CONSTRUCTION DISCOVERY, BRIEF AND HEARING DATES**<br><br>[Re: Docket Nos. 60 in C-13-02021 and 57 in C-13-02024] |
| RADWARE, LTD., and RADWARE, INC.,<br><br>Plaintiffs<br><br>v.<br><br>F5 NETWORKS, INC.,<br><br>Defendant. | |

Defendant A10 Networks, Inc. ("A10") moves to extend the dates for completion of claim construction discovery, briefing on claim construction, and the hearing dates for claim construction. Dkt. No. 60. The defendant in the related case, No. C-13-02024, F5 Networks, Inc., joins A10's motion. Dkt. No. 57 in C-13-02024. The plaintiffs in both cases, Radware, Ltd. and Radware, Inc.

ORDER RE A10 MOT. TO CHANGE TIME
Case No. C-13-02021-RMW
RDS

- 1 -

1    (collectively, "Radware"), oppose the motion. The court grants the motion with modifications,

2    continuing the claim construction discovery deadline in both cases to January 13, 2014, the claim

3    construction opening brief deadline to January 27, 2014, the responsive brief deadline to February

4    10, 2014, the reply brief deadline to February 17, 2014, and the technology tutorial and claim

5    construction hearing dates to March 3, 2014.

6        This is a patent infringement case. Radware owns U.S. Patent Nos. 6,665,702 ("'702

7    Patent") (filed Dec. 20, 1999 and issued Dec. 16, 2003); 8,266,319 ("'319 Patent") (filed June 2,

8    2003 and issued Sept. 11, 2012); and 8,484,374 ("'374 Patent") (filed Aug. 3, 2012 and issued July

9    9, 2013) (collectively "patents-in-suit"), all titled "load balancing" and all generally directed to

10   network management systems, devices and methods for managing a computer network that is

11   connected to the Internet through more than one IP address or internet service provider. The patents-

12   in-suit specifically cover Radware's "LinkProof" product line. FAC, Ex. H, Dkt. No. 53-8. Radware

13   alleges that A10's AX Series products infringe the patents-in-suit.

14       Radware initially served its infringement contentions ("ICs") on August 16, 2013. *See* Dkt.

15   No. 60-1. Those ICs describe Radware's infringement arguments on several claim limitations, but

16   they contain little detail as to numerous others. Where Radware could not detail its position in the

17   ICs, the ICs state that Radware intends to amend its ICs after reviewing A10's source code:

18   "Radware has requested access to A10's source code and other non-public documents such that it

19   can confirm this functionality. Radware will amend its contentions during the course of discovery."

20   *See, e.g.*, Dkt. No. 60-1 at 12-13. On September 30, 2013, A10 provided its source code to Radware

21   for inspection on two laptops and in more than 2000 pages of printouts. Although there was a

22   dispute between the parties over when Radware would serve its AICs to A10, in a meet and confer

23   Radware agreed to supply them by December 18, 2013. According to Radware, this is 12 days later

24   than A10's requested date of December 6, 2013 and it is the midpoint between A10's position and

25   Radware's proposed date of December 30, 2013—the close of claim construction discovery. Dkt.

26   No. 67 at 3.

27       To modify a case schedule, the moving party must show "good cause" under Rule 16(b)(4).

28   Under Rule 16(b)'s "good cause" standard, courts primarily consider the diligence of the party

seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). It is appropriate to modify a case schedule when the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citing Fed. R. Civ. P. 16 Advisory Committee's Notes).

A10 moves the court to extend claim construction deadlines by two months, contending that Radware has prejudiced A10 by refusing to serve its amended infringement contentions ("AICs") until December 18, 2013. In particular, A10 states that it cannot take the depositions of the named inventors until it receives Radware's AICs. Although Radware argues that A10 will not be able to show the inventors Radware's AICs due to the protective order in place, A10's postponement of the inventors' depositions until after it receives Radware's AICs is reasonable. The parties dispute whether Radware's delay in serving its AICs is a litigation tactic (as A10 contends) or simply due to the necessity of reviewing large amounts of source code (as Radware argues). Regardless, A10 has been diligent in discovery and the court will extend the close of claim construction discovery to avoid prejudice to A10. Under the current schedule, A10 would be forced to prepare for and take the named inventors' depositions in a span of only 12 days during the holiday season. Still, the court does not find necessary an extension of the claim construction dates by two months. Radware has alternatively proposed to extend the close of claim construction discovery by 14 days to January 13, 2014, without disturbing the remaining claim construction schedule. The court finds however that an extension of claim construction discovery as well as a continuance of the claim construction schedule is necessary to minimize the prejudice to A10.

Therefore, the court orders the extension of claim construction discovery to January 31, 2014. In addition, the claim construction opening brief will be due no later than February 14, 2014, the responsive brief deadline is February 28, 2014, the reply brief deadline is March 7, 2014, and the technology tutorial and claim construction hearing dates are moved to March 18, 2014.

Dated: December 19, 2013

RONALD M. WHYTE
United States District Judge

ORDER RE A10 MOT. TO CHANGE TIME
Case No. C-13-02021-RMW
RDS
- 3 -