UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RADWARE, LTD.; RADWARE, INC.,<br><br>Plaintiffs, Counterclaim-Defendants,<br><br>v.<br><br>A10 NETWORKS, INC.,<br><br>Defendant, Counterclaim-Plaintiff. | Case Nos. C-13-02021<br><br>**ORDER DENYING RADWARE'S MOTION TO AMEND INFRINGEMENT CONTENTIONS AND GRANTING RADWARE'S MOTION TO AMEND INFRINGEMENT CONTENTIONS RE WILLFULNESS** |

Plaintiffs Radware, Inc. and Radware Ltd. (collectively "Radware") move in two separate motions to amend their infringement contentions pursuant to Patent Local Rule 3-6. For the reasons explained below, Radware's Motion for Leave to Amend Infringement Contentions is DENIED as moot and Radware's Motion for Leave to Amend Asserted Claims and Infringement Contentions re Willfulness is GRANTED.

### I. BACKGROUND

Radware brings this patent infringement action against its competitor A10 Networks, Inc. ("A10"), alleging infringement of claims 1, 2, 6-9, 13 and 14 of U.S. Patent No. 6,665,702 ('702 Patent); claims 1-7, 9-19, and 21-32 of U.S. Patent No. 8,266,319 ('319 Patent); and claims 1-4, 6-12, 14, and 15 of U.S. Patent No. 8,484,374 ('374 Patent) (collectively asserted patents). All three

patents are entitled "Load Balancing" and relate to the "management of networks that have multiple connections to the Internet through multiple Internet Service Providers (ISPs)." '702 col.15 ll.53-56. The '319 Patent is a division of the '702 Patent and the '374 Patent is a continuation of the '319 Patent. The '702 and '319 Patents have the same specification (other than some formatting variances) and the '374 Patent shares that same specification other than the "Summary" section.

On August 16, 2013, Radware served its Preliminary Infringement Contentions on A10, which Radware reformatted as Amended Infringement Contentions on September 4, 2013. On January 28, 2014, Radware sought leave of the court to amend its infringement contentions again, which the magistrate granted on April 4, 2014. *See* Dkt. No. 104 (motion for leave to amend infringement contentions); Dkt. No. 170 (order granting motion for leave to amend infringement contentions). A10 then moved for relief from the magistrate's order granting Radware leave to amend its infringement contentions, which this court denied. *See* Dkt. No. 184 (motion for relief); Dkt. No. 232. On May 23, 2014, Radware brought the instant motion for leave to file its Third Amended Infringement Contentions. *See* Dkt. No. 218. Later, on June 13, 2014, Radware moved to further amend its asserted claims and infringement contentions as to its willfulness contentions. *See* Dkt. Nos. 236, 237.

## II. LEGAL STANDARD

"Amendment of the Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. The good cause inquiry "considers first whether the moving party was diligent in amending its contentions and then whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tech. Props. Ltd.*, No. 08-cv-00882 JF (HRL), 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006)). "The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." *Karl Storz Endoscopy-America, Inc. v. Stryker Corp.*, No. 09-cv-00355, 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011) (quoting *O2 Micro*, 467 F.3d at 1366). "However, even if the movant was arguably not diligent, the court retains discretion to grant leave to amend." *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C13-159 CW, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6,

2013); *see also Apple Inc. v. Samsung Electronics Co.*, No. CV 12-00630 LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) (granting leave to amend infringement contentions, even though court found plaintiff failed to establish diligence, because of lack of prejudice to the defendants). "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Apple*, 2012 WL 5632618, at *2 (internal quotation marks omitted).

"The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed . . . ." *LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360 (N.D. Cal. 2002) (quoting *Atmel Corp. v. Information Storage Devices, Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. 1998)). However, the expectation that a "patentee would have a precise sense of its infringement theory at the outset" is "unrealistic . . . [where] the patentee may not have been able to get access to the necessary information because it is hidden from view (for example, source code)." Peter S. Menell et al., Federal Judicial Center, *Patent Case Management Judicial Guide* 4-14 (2009). Thus, the good cause standard of Patent L.R. 3-6 "serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case." *Apple*, 2012 WL 5632618, at *2.

### III.  MOTION TO AMEND INFRINGEMENT CONTENTIONS

Radware moves to amend its infringement contentions with respect to A10's AX Series product's alleged infringement of the '702 Patent. In its reply, Radware concedes that its motion is now moot in light of the court's summary judgment order, which granted A10 summary judgment of noninfringement as to the AX Series product's alleged infringement of the '702 Patent. Dkt. No. 235, Radware's Reply in Support of Radware's Motion for Leave to Amend Infringement Contentions, at 2; *see also* Dkt. No. 230, Summary Judgment Order, at 20-22. The court therefore denies Radware's motion as moot. Radware's Second Amended Infringement Contentions are the operative infringement contentions.

## IV.  MOTION TO AMEND INFRINGEMENT CONTENTIONS RE WILLFULNESS

Radware also moves to add new willfulness evidence to its infringement contentions. Specifically, Radware states that during the week of April 7, 2014, Radware, reviewing documents in its related case against F5 Networks, Inc. ("F5"), discovered a request for *inter partes* reexamination filed by A10 on December 13, 2010. The request for reexamination of F5's U.S. Patent No. 7,102,996 cites the '702 Patent as prior art. Radware contends that this document demonstrates that A10 had pre-suit knowledge of the '702 Patent, so it moves to add this evidence to its infringement contentions.

A10 in its opposition states that "A10 will not oppose Radware amending that portion of its proposed amended infringement contentions that deals with Radware's willful infringement allegation . . . ." Dkt. No. 241 at 3. Instead, A10's opposition notifies the court that "A10 will move for summary judgment of no willful infringement at the appropriate time," and then goes on to assert that A10 did not willfully infringe Radware's asserted patents. *Id*.

As A10 does not oppose Radware's motion to amend its infringement contentions re willfulness, the court finds that Radware acted diligently in seeking to amend its willfulness allegations shortly after discovering the new evidence of A10's knowledge of the '702 Patent. Therefore, Radware's motion for leave to amend is granted.

## V.  ORDER

For the foregoing reasons, Radware's Motion for Leave to Amend Infringement Contentions is DENIED as moot and Radware's Motion for Leave to Amend Asserted Claims and Infringement Contentions re Willfulness is GRANTED.

Dated: July 28, 2014

_____
RONALD M. WHYTE
United States District Judge