*E-FILED - 2/9/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADWARE, LTD., et al.,<br>    Plaintiffs,<br>v.<br>A10 NETWORKS, INC.,<br>    Defendant. | Case No.  13-cv-02021-RMW<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 256, 258, 259, 260, 266<br><br>REDACTED |

Plaintiff Radware, Ltd. moves to dismiss this case under Fed. R. Civ. P. 41(a)(2). Dkt. No. 256-3. Defendant A10 Networks, Inc. opposed the motion, Dkt. No. 258-3, and plaintiff replied, Dkt. No. 259-2.

Radware filed its complaint for patent infringement in this case on May 1, 2013, Dkt. No. 1, and a first amended complaint on July 9, 2013, Dkt. No. 28. A10 answered Radware's amended complaint and asserted declaratory judgment counterclaims. Dkt. No. 56. The case proceeded through claim construction, *see* Dkt. Nos. 136, 156, 164, 178, 185, and summary judgment, *see* Dkt. Nos. 137, 139, 155, 157, 165, 166, 205, 230. The court denied defendant's motion for summary judgment of invalidity, but granted-in-part defendant's motion for summary judgment of non-infringement. *See* Dkt. No. 230.

On August 29, 2013, Radware and A10 entered into a settlement agreement and filed a Joint Notice of Settlement with the court. *See* Dkt. Nos. 258-5, 252. In the Joint Notice of Settlement, the parties informed the court that:

> [T]he parties in the above-referenced matter have reached a settlement. The parties expect to file, by October 3, 2014, a stipulated dismissal (1) with prejudice as to Radware, Ltd.'s and Radware, Inc.'s (collectively "Radware") claims against A10 Networks, Inc. ("A10") and (2) without prejudice as to A10's

declaratory judgment claims against Radware. The parties have agreed to suspend any interim deadlines in the case. Each party will bear its own fees and costs.

Dkt. No. 252. The term sheet into which the parties entered on August 29, 2014 specified that ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Dkt. No. 258-5, §§ 1, 5. The term sheet stated that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id*. at § 5.

In the following months, Radware and A10 clashed over the terms of the contemplated long form agreement. *See* Dkt. Nos. 258-3 at 2–3; 259-2 at 2–4. After the parties failed to agree upon a long form agreement, A10 filed a motion to enforce the term sheet. Dkt. No. 254-3. However, the parties shortly thereafter executed a long form agreement as contemplated under the term sheet, Dkt. No. 256-10, and A10 withdrew its motion, Dkt. No. 252.

The long form agreement provides that ████████████████

> (i) Radware will dismiss with prejudice any and all claims in the Action against A10 and (ii) A10 will dismiss without prejudice any and all claims, including its declaratory judgment claims, in the Action against Radware. The Parties shall cooperate in taking reasonable actions as might be required to dismiss the Action.

Dkt. No. Dkt. No. 256-10. The parties subsequently failed to agree on a stipulated dismissal, and Radware moved to dismiss the action pursuant to Fed. R. Civ. P. 41(a)(2). Dkt. No. 256-3.

The parties' disagreement stems from Radware's demand that a dismissal in this case be conditioned on the court "retain[ing] jurisdiction for the purpose of enforcing compliance with the terms of the Settlement Agreement." *See* Dkt. No. 256-8. A10 argues ████████████████████████████████████████████████ that Radware's attempts to change the terms of the parties' agreements after the fact are improper. Dkt. No. 258-3. Radware argues that under Rule 41(a)(2) a district court may condition dismissal upon the court's retention of jurisdiction over the settlement agreement, and that the court needs to retain jurisdiction over the case to ensure A10's

- 2 -

1   compliance with the terms of the settlement agreement, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
2   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 259-2. According to Radware, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5   ▮▮▮▮▮ Dkt. No. 259-2 at 2–3. In support of this argument, Radware cites *Brocade*
6   *Communc'ns Sys., Inc. et al. v. A10 Networks, Inc., et al*, Case No. 10-cv-3428-PSG, Dkt. No. 830
7   (N.D. Cal. January 10, 2013). Radware asserts that "[u]nder factually analogous circumstances [in
8   *Brocade*], Judge Grewal entered a permanent injunction against A10." But *Brocade* is not
9   analogous as plaintiff in that case moved for, and received, a permanent injunction.

10   Here, the parties agreed to a settlement, and the terms of the settlement agreement ▮▮
11   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Dkt. No. 256-10, § 4.1. The settlement
14   agreement provides that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* § 4.2(a).

16   Radware moves for a dismissal wherein "(1) all claims and counterclaims by Radware
17   against A10 are dismissed with prejudice, (2) all claims and counterclaims by A10 against
18   Radware are dismissed without prejudice, (3) all costs, expenses, and attorneys' fees are to be
19   borne by the party which incurred them, and (4) that the Court retains jurisdiction for the purpose
20   of enforcing compliance with the terms of the Settlement Agreement pursuant to Fed. R. Civ. P.
21   41(a)(2)." Dkt. No. 259-2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22   ▮▮▮▮▮▮▮▮▮▮▮▮ the court finds that the settlement agreement contains no basis for the court's
23   retention of jurisdiction. The agreement provides ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the court is
24   unwilling to go beyond its terms. The court therefore finds the dismissal sought by Radware under
25   Fed. R. Civ. P. 41(a)(2) improper as it does not reflect the agreed-upon terms of settlement.
26   Radware's motion to dismiss is denied.

27   **IT IS SO ORDERED**.

28   Dated: January 23, 2015

1
2   _____
    RONALD M. WHYTE
    United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADWARE, LTD., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>A10 NETWORKS, INC.,<br><br>　　　　Defendant. | Case No.  13-cv-02021-RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/23/2015, I EMAILED a true and correct copy.

**Dean Geoffrey Dunlavey**
dean.dunlavey@lw.com

**Barrington E Dyer**
Bdyer@mwe.com

**Andrew John Fossum**
andrew.fossum@lw.com

**Nitin Gambhir**
ngambhir@mwe.com

**Gunnar Bjorn Gundersen, IV**
gunnar.gundersen@lw.com

**Eric William Hagen**
ehagen@mwe.com

**Laura Kieran Kieckhefer**
kkieckhefer@mwe.com

**David Fleming Kowalski**
david.kowalski@lw.com

**Fabio Elia Marino**
fmarino@mwe.com

**Teri H.P. Nguyen**
thpnguyen@mwe.com

**Adrian James Sawyer**
sawyer@kerrwagstaffe.com

**James Matthew Wagstaffe**
wagstaffe@kerrwagstaffe.com

Dated: 1/23/2015

                                            Richard W. Wieking
                                            Clerk, United States District Court


                                            By:_____
                                            Jackie Lynn Garcia, Deputy Clerk to the
                                            Honorable RONALD M. WHYTE