UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RADWARE LTD., an Israeli Company; RADWARE, INC., a New Jersey Corporation, <br><br> Plaintiffs and Counter-Defendants, <br><br> v. <br><br> A10 NETWORKS, INC., a California Corporation, <br><br> Defendant and Counter-Claimant. | Case No. C-13-02021-RMW <br><br> **ORDER RE: SEALING MOTIONS** <br><br> [Docket Nos. 254, 256, 258, 259, 260] |

Before the court are five administrative motions to seal documents. The entirety of the Administrative Motion to File Under Seal Portions of Radware's Reply in Support of its Motion to Dismiss, Dkt. No. 259, is denied as moot as Radware withdrew and re-filed the document with additional redactions at A10's request. *See* Dkt. No. 260 at 2. The court addresses the remaining four motions, Dkt. Nos. 254, 256, 258, and 260, below.

**A. Legal Standard**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L. R. 79-5. Pursuant to Civ. L. R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," and an "unredacted version

of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version.").

With these standards in mind, the courts rules on the instant motions as follows.

**B. Sealing Order**

| Motion to Seal | Document to be Sealed | Ruling | Reason/Explanation |
|---|---|---|---|
| 254-3 | A10's Notice of Motion and Motion for Order Enforcing Settlement Agreement and Dismissing Claims | GRANTED in part and DENIED in part | GRANTED as to portions of the motion which set forth portions of the settlement agreement and term sheet: 2:9–2:19. DENIED as to the rest of the document. |
| 254-5 | Exhibit 1 to the Declaration Dean G. Dunlavey (Settlement Agreement) | GRANTED | Narrowly tailored to confidential business information. |
| 254-6 | Exhibit 2 to the Declaration Dean G. Dunlavey (Attorney emails) | DENIED | Not privileged as the communications included opposing counsel; contains no specific terms from confidential documents. |
| 254-7 | Exhibit 3 to the Declaration Dean G. Dunlavey (Attorney emails) | DENIED | Not privileged as the communications included opposing counsel; contains no specific terms from confidential documents. |
| 256-3 | Radware's Motion to Dismiss, at 1:16–1:18 and 2:9–2:10. | GRANTED | Narrowly tailored to confidential business information. |
| 256-9 | Exhibit 3 to Radware's Notice of Motion and Motion to Dismiss (Settlement Agreement) | GRANTED | Narrowly tailored to confidential business information. |
| 258-3 | A10's Opposition to Radware's Motion to Dismiss | GRANTED in part and DENIED in part | GRANTED as to portions of the motion which set forth portions of the settlement agreement and term sheet: 1:6–1:7 (after "on dismissal that" until "(D.I. 256-3 at 2)."); 2:14–2:21; 3:26–4:1 (until "Neither the"); 4:2–4:3 (after "Agreement" until "This is"); 6:16–6:18 (after "Agreement" until "As the parties"); 7:2–7:11 (after "Agreement" until the end of line 11); 7:12–7:13 (after "parties' agreement" until the end of line 13); 8:3–8:5 (after "claims that" until "(D.I. 256-3 at 1)."); 8:6–8:7 (after "agreement" until "(See generally"); 8:11–8:12 (after "agreement," until the end of line 12); 8:14–8:18 (from the beginning of line 14 until "Consistent"); 8:19–8:27 (after "provision" until the end of line 27); 9:3 (after "Cannot" |

3

Case No.: 13-CV-02021
ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| | | | until the end of line 3); 9:4–9:5 (after "argues" until "which states that"). DENIED as to the rest of the document. |
| 258-5 | Exhibit 1 to the Declaration Dean G. Dunlavey (Term Sheet) | GRANTED | Narrowly tailored to confidential business information. |
| 258-6 | Exhibit 2 to the Declaration Dean G. Dunlavey (Attorney emails) | DENIED | Not privileged as the communications included opposing counsel; contains no specific terms from confidential documents. |
| 258-7 | Exhibit 3 to the Declaration Dean G. Dunlavey (Attorney emails) | DENIED | Not privileged as the communications included opposing counsel; contains no specific terms from confidential documents. |
| 260-3 | Radware's Reply in Support of its Motion to Dismiss, at 1:2–1:4; 1:17–1:19; 1:20–1:21; 1:21–1:24. | GRANTED | Narrowly tailored to confidential business information. |
| 260-3 | Radware's Reply in Support of its Motion to Dismiss, at 1:29–2:1. | DENIED | Not narrowly tailored to confidential business information. |
| 260-3 | Radware's Reply in Support of its Motion to Dismiss, at 2:1–2:2. | GRANTED | Narrowly tailored to confidential business information. |
| 260-3 | Radware's Reply in Support of its Motion to Dismiss, at 2:3–2:4. | DENIED | Not narrowly tailored to confidential business information. |
| 260-3 | Radware's Reply in Support of its Motion to Dismiss, at 2:8–2:10; 2:12–2:16; 2:17–3:11; 3:21–3:24; 4:1–4:13; 4:13–4:16; 4:17–5:5; 5:5–5:7. | GRANTED | Narrowly tailored to confidential business information. |
| 260-3 | Radware's Reply in Support of its Motion to Dismiss, at 5:7–5:9. | GRANTED in part and DENIED in part | GRANTED as to yellow-highlighted redactions, which are narrowly tailored to confidential business information. DENIED as to green-highlighted redactions, which are not. |
| 260-3 | Radware's Reply in Support of its Motion to Dismiss, at 5:10–5:15; 6:1–6:5; 6:11–6:18. | GRANTED | Narrowly tailored to confidential business information. |

The court will file redacted versions of the above documents unless either party objects and files a motion for reconsideration within 5 days of this order.

**IT IS SO ORDERED.**

Dated: February 9, 2015

_Ronald M. Whyte_
RONALD M WHYTE
United States District Judge

4

Case No.: 13-CV-02021
ORDER RE: MOTIONS TO SEAL